## Taylor *v.* Phillips *et al.*

(Division B.  June 13, 1938.)

[181 So. 855.  No. 33278.]

Chester L. Summers, of Corinth, for appellant.

**W. C. Sweat** and **N. S. Sweat**, both of Corinth, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

G. C. Taylor, the assignee of a certain deed of trust and note executed by J. N. Phillips and Ethel Phillips, husband and wife, to the First National Bank of Corinth, brought suit to foreclose same, and Lee Gray and W. C. Sweat intervened, each asserting a deed of trust having priority over the indebtedness claimed by G. C. Taylor. There was a decree giving them this priority, and as no appeal was taken in favor of W. C. Sweat by any party to the suit, no further reference to that claim will be made.

It appears that prior to 1930, J. N. Phillips and wife had given a deed of trust upon the property involved to the Corinth Bank & Trust Co., securing a debt for $850. The First National Bank also had a trust deed on the same property to secure an indebtedness of $325 which was second to that held by the Corinth Bank and Trust Company.

The Corinth Bank & Trust Company was proceeding to foreclose its deed of trust when T. H. Phillips and his son. Bob Phillips, father and brother of J. N. Phillips, went to see Lee Gray for the purpose of borrowing money from him to pay off and discharge the Corinth Bank & Trust Company's deed of trust. Gray was willing to ad-

vance $500 provided he was given a first lien on the property. T. H. Phillips and his son arranged to pay $350 so as to reduce the debt of the Corinth Bank & Trust Company, and the President of the First National Bank agreed that if Gray would advance $500 he should have a first lien. Accordingly, J. N. Phillips and wife executed a deed of trust to Lee Gray, but Gray did not take an assignment from the Corinth Bank & Trust Company. At the same time, the deed of trust given by J. N. Phillips and wife to the First National Bank was renewed, but it was then understood and agreed that Lee Gray's deed of trust would be placed first of record and have priority, but, in fact, the First National Bank's deed of trust was placed first on the record. There was no stipulation in either of the deeds of trust that the deed of trust in favor of Lee Gray would have priority over that of the First National Bank, but the agreement was made as above stated. The First National Bank was placed in the hands of a Receiver subsequent to the above transaction and after the note of J. N. Phillips and wife was due; an assignment was made by the Receiver to G. C. Taylor without recourse, and Taylor asserts priority on the theory that the agreement between the First National Bank and Lee Gray with reference to priority was not valid as against him (Taylor), because there was nothing of record showing such priority, and that the verbal agreement made by the President of the First National Bank was not valid further because it violated the Statute of Frauds, Code 1930, secs. 3343 et seq.

There are no recitals in either deed of trust as to the agreement between J. N. Phillips and the President of the First National Bank. It is contended that giving priority to the Gray deed of trust would vary the terms of a written contract which is contrary to law.

The Chancellor, in the court below, held that the Gray deed of trust had priority over the Taylor deed of trust; but rendered a personal decree against J. N. Phillips and his wife in favor of Taylor, and subordinated his lien to

that of Sweat and Gray, and the appeal is taken from the decree giving Gray priority.

Inasmuch as the deed of trust of the First National Bank was second to that of the Corinth Bank & Trust Company, and the President of the First National Bank agreed that Gray's deed of trust would have priority if $350 was paid on the debt to the Corinth Bank & Trust Company, and Gray would advance the $500 and take a deed or deed of trust on the land, his deed of trust should be a first lien thereon, we think this agreement was valid, and that it bound the First National Bank, because there was no requirement that the priority should be in writing, and there was a valuable consideration to the First National Bank, as its equity in the land was increased.

The purpose of recordation is to give notice by constructive process to purchasers, without notice before maturity, for value. The First National Bank having such notice of the equity of Lee Gray, and having made an agreement to take a deed of trust subject to such equity, is bound thereby. G. C. Taylor, being a purchaser after maturity of paper taken subject to the rights existing against it, is not a bona fide purchaser, for value, before maturity, without notice. The Chancellor was correct in his decree giving Gray priority, and, accordingly, his decree will be affirmed.

Affirmed.